a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

E J S S,
Petitioner

CIVIL DOCKET NO. 1:25-CV-02055 SEC P

VERSUS

JUDGE EDWARDS

MELLISSA B HARPER ET AL,
Respondents

MAGISTRATE JUDGE PEREZ-MONTES

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner EJSS, who was detained at River Correctional Center in Ferriday, Louisiana, when he filed the Petition. ECF No. 1. He is now detained at the IAH Secure Adult Detention Facility in Livingston, Texas.

EJSS is a native and citizen of Guatemala who entered the United States without inspection in 2004. ECF No. 1 at 3. He was arrested on October 29, 2025. *Id.* at 6. An immigration judge denied his applications for relief but granted voluntary departure with an alternate order of removal to Guatemala, and his appeal to the Board of Immigration Appeals remains pending. ECF No. 23-3 at 3-4; ECF No. 23-4.

EJSS contends that his detention without an individualized bond determination violates due process and has become unconstitutionally prolonged. ECF No. 21 at 2-5.

In *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the Fifth Circuit held that noncitizens who entered the United States without being admitted are

applicants for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), rather than discretionary detention under § 1226(a), and therefore are not entitled to bond hearings. The court noted that the Department of Homeland Security retains discretion to parole applicants for admission, but only on a case-by-case basis for urgent humanitarian reasons or significant public benefit. *Id.* at 499 n.3. The Supreme Court has granted review of that statutory question. *Rhoney v. Barbosa da Cunha*, No. 26-104 (U.S. cert. granted Oct. 1, 2026).

In *Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), the Fifth Circuit held that noncitizens detained under § 1225(b)(2)(A) are not constitutionally entitled to individualized hearings on dangerousness or flight risk, and that continued or renewed detention does not violate due process so long as removal remains a viable prospect. The court left open whether detention may violate due process in other circumstances, such as when removal becomes only a remote possibility, removal proceedings are excessively delayed, the proceedings are used as a façade to detain for other reasons, there is a factual dispute over whether the noncitizen is an applicant for admission, or detention no longer serves its immigration purpose.

*Buenrostro-Mendez* governs any asserted statutory entitlement to bond, and *Sosnava Rodriguez* governs any asserted constitutional entitlement to an individualized hearing on dangerousness and flight risk. Both decisions bind this Court.

Accordingly, IT IS ORDERED that, within 14 days after service of this Order, EJSS shall file a supplemental memorandum, not exceeding seven (7) pages, addressing the effect, if any, of *Buenrostro-Mendez* and *Sosnava Rodriguez* on each of his claims and explaining why any claim remains viable. EJSS shall separately identify any claim he maintains solely to preserve it for further review.

IT IS FURTHER ORDERED that Respondents may file a response, not exceeding seven (7) pages, within 7 days after the supplemental memorandum is filed.

SIGNED on Friday, November 20, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE